WELLS, J.,
concurring in part and dissenting in part.
I concur in the approval of the findings and conclusions of the Judicial Qualifications Commission (JQC) as to the charges against Judge Renke.
I dissent from the majority’s decision to remove Judge Renke from office. While I agree that the violations committed by Judge Renke are serious — warranting serious discipline — I do not concur with the Court’s removal of Judge Renke when the hearing panel of the Judicial Qualifications Commission has not recommended removal. To the contrary, the hearing panel stated in its findings, conclusions, and recommendations that “after thorough deliberation, the Panel unanimously rejected removal from office.” I know of no precedent in which this Court has removed a judge when there has not been a recommendation by the JQC to do so. Here, the Court is not only doing so without a JQC recommendation, the Court is rejecting the JQC’s recommendation that the judge not be removed from office.
I do not conclude that the Court could never remove a judge from office without a recommendation to do so from the hearing panel of the JQC, but I do conclude that this Court can only do so when adhering strictly to the constitution and upon specifically stated standards. The constitutional provision upon which the Court is authorized to act is article V, section 12(c)(1), which states:
(c) SUPREME COURT. — The supreme court shall receive recommendations from the judicial qualifications commission’s hearing panel.
(1) The supreme court may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission and it may order that the justice or judge be subjected to appropriate discipline, or be removed from office with termination of compensation for willful or persistent failure to perform judicial duties or for other conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office, or be involuntarily retired for any permanent disability that seriously interferes with the performance of judicial duties. Malafides, scienter or moral turpitude on the part of a justice or judge shall not be required for removal from office of a justice or judge whose conduct demonstrates a present unfitness to hold office. After the fifing of a formal proceeding and upon request of the investigative panel, the supreme court may suspend the justice or judge from office, with or without compensation, pending final determination of the inquiry.
*497 I read this section to authorize this Court to remove a judge from office only for conduct “demonstrating a present unfitness to hold office.”
In this case, the hearing panel of the JQC specifically found that there had not been demonstrated a present unfitness to hold office. The hearing panel stated:
The Panel believes that Judge Renke has been a very good judge for three years and the Panel thus strongly holds that he is not presently unfit to serve as a judge.
The hearing panel, of course, heard live evidence and had the power to evaluate the credibility of witnesses. The Court did not. I do not believe that the constitution allows this Court’s majority to simply substitute its judgment for that of the hearing panel which heard and evaluated the evidence.
I cannot agree with the majority that this specific finding by the JQC can be avoided by this Court’s finding that Judge Renke obtained his position by fraud. The JQC did not charge Judge Renke with obtaining his position by fraud. Rather, the JQC charged Judge Renke with making a series of misrepresentations during the election campaign. I am uncertain what the standards are by which campaign misrepresentations rise to the level of fraud.
Neither did the JQC panel find Judge Renke guilty of having obtained his position by fraud. In the thirty-three pages of the JQC’s “Findings, Conclusions and Recommendations” I do not find the word “fraud.”
Whether there was fraud would properly be decided as an issue of fact. This has always been the law of this State. See Gibson v. Love, 4 Fla. 217 (1851); Lab. Corp. of Am. v. Prof'l Recovery Network, 813 So.2d 266 (Fla. 5th DCA 2002). I know of no precedent for the Court to make a finding of fraud as the Court does here.
The JQC is a constitutionally authorized entity which is constitutionally independent from this Court. Art. V, § 12(a)-(b), Fla. Const. I believe this Court should give the findings, conclusions, and recommendations of the JQC not only the deference given by an appellate court to the findings of fact of any lower tribunal, but enhanced deference by reason of the JQC’s constitutional empowerment. In its brief and argument before this Court, the JQC contended that the discipline in this case should be as recommended by the hearing panel. There has been no brief or argument contending that Judge Renke should be removed.
This Court removed judges from office in In re McMillan, 797 So.2d 560 (Fla. 2001); In re Shea, 759 So.2d 631 (Fla. 2000); and In re Graziano, 696 So.2d 744 (Fla.1997). Each time, we did so upon the recommendation of the JQC. In doing so, we recognized that removal is the ultimate sanction:
Removal is the ultimate sanction in judicial disciplinary proceedings. This Court will approve a recommendation that a judge be removed from the bench when we conclude that the judge’s conduct is fundamentally inconsistent with the responsibilities of judicial office.
Shea, 759 So.2d at 638-39 (citation omitted). With a directly contrary recommendation from the JQC, I cannot join in the majority’s use of this ultimate sanction. A finding by this Court of fraud cannot be a proper basis since fraud was not found by the JQC in this case. What is the standard that we will apply in future cases? What is the role of the hearing panel of the JQC?
It is my view that since the majority does not conclude that it can approve the *498 discipline recommended by the hearing panel, the proper course would be to again remand to the hearing panel for further consideration of a more severe sanction that is short of removal from office. I would join in that remand.
BELL, J., concurs.